**ROYAL INSURANCE CO., LTD., Plaintiff**

**v.**

**CARIBBEAN DEVELOPING & PROCESSING LABORATORY, INC., et al., Defendants**

Civil No. 75-652

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 5, 1976

JOHN ZEBEDEE, ESQ., St. Thomas, V.I., *for Royal Insurance Co., Ltd.*

VERNE A. HODGE, ESQ., Attorney General, St. Thomas, V.I., *for defendant Small Business Development Agency, Department of Finance and Office of Special Facilities, Department of Housing and Urban Renewal*

JULIO BRADY, ESQ., U.S. Attorney, St. Thomas, V.I., *for defendant Small Business Administration*

JOHN P. DEJONGH, ESQ., St. Thomas, V.I., *for defendant Tri-Island Economic Development Council, Inc.*

GREGORY D. BALL, ESQ., St. Thomas, V.I., *for Peoples Bank of the Virgin Islands* (In Receivership)

CHRISTIAN, *Chief Judge*

### MEMORANDUM AND ORDER

In this interpleader action, two motions of plaintiff, Royal Insurance Co., Ltd. (hereinafter Royal) are presented. In the first, Royal has moved for dismissal of the counterclaims interposed by Defendant, Caribbean Developing & Processing Laboratory, Inc. (hereinafter Car-

ribbean). In the second motion Royal seeks dismissal of the fourth counterclaim of defendant Caribbean for the reason that contained therein is an averment of fraud, not set out with the specificity contemplated and made imperative by Rule 9(b) of the Federal Rules of Civil Procedure.

Defendant Caribbean answers these contentions with the arguments that, as to plaintiff's first motion, an affidavit in support thereof has not been submitted, so that there is nothing on which this Court could premise a finding on the motion. Further, it is urged by Caribbean that the issue raised by the motion to dismiss is one of lack of capacity, a special defense which must be deemed waived by virtue of plaintiff's failure to plead it in its reply. The third objection to the motion is based on Caribbean's assertion that it has filed a Certificate of Revival with the Lieutenant Governor's Office to have its status reinstated. This, maintains Caribbean, is enough to correct its past deficiencies and lift its disability to sue. Responding to plaintiff's alternative motion to dismiss its fourth counterclaim, Caribbean suggests that, having incorporated "a series of allegations" from its first three counterclaims, a sufficiently detailed averment of plaintiff's fraud has been set out. In any event, contends Caribbean, should the Court agree with plaintiff and hold that the fourth counterclaim is wanting in the specificity required by Rule 9(b), the proper sanction would be an order simply compelling it to more definitely state its cause of action.

Plaintiff has replied to Caribbean's arguments by way of a memorandum. Attached to the reply memorandum is an affidavit of June B. Querrard, Junior Management Assistant in the Department of Corporations and Tradenames of the Office of the Lieutenant Governor for the Government of the Virgin Islands, ostensibly as a substitute for an earlier letter by the affiant. Both letter and affidavit purport to show that defendant Caribbean was dissolved

on June 10, 1975 for failure to pay 1973 and 1974 franchise taxes.[1]

Before proceeding to discuss the above enumerated issues, a word about the jurisdiction of this Court to entertain the counterclaims interposed in the answer of Defendant Caribbean is in order.

It will be remembered that this is an interpleader action in which plaintiff alleges that it wrote a policy of insurance on behalf of Caribbean insuring that defendant against loss and damage by fire to its property. A fire did, in fact, occur. It is the plaintiff's contention that the lost amount payable under the policy was "ascertained and is . . . conceded by plaintiff to be $196,790.50".

Plaintiff lays no claim to any interest or title in any such proceeds but rather is content to leave it to the co-defendants in this suit who either have or may have conflicting claims to squabble over the division of that sum.

Caribbean and certain of the named defendants, however, counter with the averment that the amount payable under the policy is $471,067.

The conflicting contentions as to the maximum amount payable under the policy brings to the fore the question of this Court's authority to exercise jurisdiction over Caribbean's counterclaim. That is to say, in an interpleader action such as this, is a claim by defendant against a stakeholder which in all other respects comports with the standards of Rule 13(a) and (b) one against an "opposing party" within the intendment of that rule? The question

---

[1] Although there have been no cases upon this subject in this jurisdiction, logic compels the conclusion that once it is shown a corporation has been dissolved, the burden of proving revival is upon the defendant-counterclaimants. Thus it shall be assumed, in the absence of any material to the contrary, that the corporation remains dissolved. Inherent in this assumption is my decision to read the affidavit of Mrs. Querrard as in the nature of an amendment to the original letter to the same effect. Therefore I shall consider the affidavit as "relating back" so that it is deemed to have been attached to the plaintiff's motion to dismiss. No prejudice or undue surprise will be visited on Caribbean.

has been met head-on by other courts and has been treated in text as well. See, for example, First Nat. Bank in Dodge City v. Johnson County National Bank & Trust Company, 331 F.2d 325 (CA 10, 1964); Erie Bank v. United States District Court for the District of Colorado, 362 F.2d 539 (CA 10, 1966); Northern Natural Gas Company v. Grounds, 292 F.Supp. 619 (D.Kan. 1968), aff'd in part, rev'd in part on other grounds, 441 F.2d 704 (CA 10, 1971), cert. den. 404 U.S. 951; 7 Wright & Miller, Federal Practice & Procedure, Civil § 1715, p. 448, Wright & Miller, in referring to the above-cited cases, note that

[t]here is some confusion concerning the ability of a claimant to assert a counterclaim against the stakeholder. Since the stakeholder has initiated the interpleader action for his own benefit, it seems reasonable to conclude that he has opened himself up to counterclaims. Certainly when the stakeholder is an interested party. . . the interposition of a counterclaim is appropriate. . . .

On the other hand, the Tenth Circuit has held that a counterclaim by a claimant against a disinterested stakeholder will not lie because the stakeholder simply is seeking discharge from further liability and is not really an "opposing party" within the meaning of Rule 13.

Id.

Judging from the complaint and answers of various of the parties defendants, I conclude that plaintiff is, in the context of this cause, an interested stakeholder. Royal claims that the fund in contest is $196,790.50, while Caribbean and other contestants maintain that the fund is more properly $471,067.00, the amount in which Caribbean alleges it suffered loss to its business property. I am in qualified agreement with co-defendants that the fund in controversy may be at least that which they are seeking to establish. This being so, and because Royal endeavors to have its liability limited to a lower figure, it clearly has an interest in at least the difference between the two sums and at the maximum, the limits of the policy. Accordingly, a

counterclaim would be appropriate in this case. Cf. Northern Gas Co. v. Grounds, supra.

■ Rule 13(a) and (b) is no more than a device by which courts may avoid multiplicity of actions. A counterclaim pursuant to the rule certainly could serve as the underpinning of an independent action if there were not such rule. Surely, then, a counterclaim may, under proper circumstances, be barred by operation of 13 V.I.C. § 533(a). Whether such circumstances are here presented is the next inquiry to which I turn.

As previously noted, defendant makes the assertion that its enforced disability to sue is a special matter, required to be pleaded by specific negative averment, and waived if not so pleaded. Royal, in opposition, insists that this is a matter pertaining to the Court's jurisdiction, and as such may be raised at any time.

■ Caribbean's contention that the issue is one of capacity[2] I take to be the correct view. This, however, is but scant comfort to that defendant. Although Rule 9(a) does require a specific negative averment of lack of capacity, there is nothing in the rule to indicate that waiver is the ineluctable consequence of a failure to set up the issue as a defense. It is not an affirmative defense. See 5 Wright & Miller, Federal Practice and Procedure, Civil § 1294, p. 394. As is there stated,

[a]lthough Rule 9(a) gives a denial of capacity some of the attributes of an affirmative defense, it should not be so classified and the matter is not governed by Rule 8(c).

Not being an affirmative defense, the issue of capacity may be raised by motion even after the filing of a responsive pleading.

. . . [A]lthough an objection to a party's capacity is not an affirmative defense, it can be analogized to an affirmative defense and

___

[2] Indeed, the issue herein raised may partake of both capacity and jurisdiction.

treated as waived if not asserted by *motion or responsive pleading,* subject, of course, to the liberal amendment policy of Rule 15. (Emphasis supplied.)

Wright & Miller, op. cit. § 1295, p. 397.

See also Mather Construction Company v. United States, 475 F.2d 1152, 1159 (Ct. Clm. 973). Here, since the issue is raised by motion at a relatively early stage of this litigation, it will not be considered as having been waived. Accordingly, plaintiff's motion to dismiss the counterclaims of Caribbean Developing & Processing Laboratory, Inc. (converted to a motion for summary judgment by virtue of its supporting materials) will be granted, but may be revised at such time as its corporate status has been restored.

In view of the above, it becomes unnecessary to consider the other pending motion made by plaintiff.

### ORDER

The premises considered, therefore,

IT IS ORDERED that the motion to dismiss the counterclaims of defendant Caribbean Developing & Processing Laboratory, Inc., be, and the same is hereby GRANTED.